# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM MARSHALL GIBSON, ) | 2:15-cv-01646-JCM-CWH |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| DAVE MILLER, Detective #6627, *et al*., ) | |
| ) | |
| Defendants. ) | |

On August 26, 2015, Plaintiff, a prisoner appearing pro se, filed an application to proceed in forma pauperis, along with a complaint. See Doc. # 1. This Court denied the application on September 24, 2015, finding that Plaintiff failed to attach his inmate account statement, and failed to properly execute the financial certificate attached to his application. See Doc. # 2. Given such, the Court denied Plaintiff's application without prejudice. Id. In its order, the Court gave Plaintiff until October 23, 2015 to file a new application, complete with all relevant financial attachments, or pay the filing fee, and stated that failure to do so would result in a recommendation to the district judge to dismiss the instant case. Id. Plaintiff has taken no action since that time.

The broad, underlying purpose of the Federal Rules of Civil Procedure ("FRCP") is to "secure the just, speedy, and inexpensive determination of every action and proceeding." See Fed.R.Civ.P. 1. The rules provide several mechanisms that allow courts to accomplish this goal through the use of sanctions against parties that fail to comply with court orders or that unnecessarily multiply proceedings.


Rule 16 of the FRCP is a central pretrial rule that authorizes courts to manage their cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." In re Phynylpropanolamine Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir. 2006). "Subsection (f) puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal." Id. Rule 16(f) specifically provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or pretrial conference; (B) is substantially unprepared to participate–or does not participate in good faith–in the conference; or (C) fails to obey a scheduling order or other pretrial order." Fed.R.Civ.P.16(f). Potential sanctions under Rule 37(b)(2)(A)(ii)-(vii) includes dismissal. See Fed.R.Civ.P.37(b)(2)(A)(v).

Dismissal for failure to obey a court order is a harsh penalty and should only be imposed in extreme circumstances. Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987). Courts weigh the following five factors when determining whether to dismiss a case for failure to comply with a court order: (1) public interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to a defendant; (4) public policy favoring disposition of cases on the merits; and (5) availability of less drastic sanctions. Phynylpropanolamine, 460 F.3d at 1226. "These factors are not a series of conditions precedent before the judge can do anything, but a way for the district judge to think about what to do." Id. (citing Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)). Although preferred, it is not required that the district court make explicit findings to show that it has considered these factors. Id. A dismissal sanction will only be overturned if the reviewing court is left with "a definite and firm conviction that it was clearly outside the acceptable range of sanctions." Id. (internal citations and quotations omitted).

**1.    Expeditious Resolution of Litigation**

"Orderly and expeditious resolution of disputes" is of utmost importance in the rule of law. Phynylpropanolamine, 460 F.3d at 1227. "[D]elay in reaching the merits, whether by way of settlement

or adjudication, is costly in money, memory, manageability, and confidence in the process." Id.

Here, Plaintiff failed to comply with this Court's order to pay the court filing fee or file a new application to proceed in forma pauperis, complete with relevant attachments. See Doc. # 2. Plaintiff also has not taken any action in this case since August 2015. Plaintiff's failures are inconsistent with Rule 1' s directive to "secure a just, speedy, and inexpensive" determination of this action. As such, this factor weighs in favor of dismissal.

**2.    Court's Need to Manage Its Docket**

It has long been recognized that a district court's inherent power to control its docket includes the ability to issue sanctions of dismissal. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir 1986). The U.S. Supreme Court has held that the sanction of dismissal "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976).

Here, Plaintiff was given an opportunity to proceed in this matter, yet failed to do so. Plaintiff's failure to pay the court filing fee or file a new application to proceed in forma pauperis has made it impossible for this case to move forward, and for the Court to effectively manage its docket. As such, this factor weighs in favor of dismissal.

**3.    Risk of Prejudice to Defendant**

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1413 (9th Cir. 1990).

Plaintiff's failure to comply with this Court's order has not only made it impossible for this case to move forward, but the absence of a valid complaint on the record setting forth viable claims is prejudicial to Defendants in this case. As such, this factor also weighs in favor of dismissal.

//

**4.     Disposition of Cases on Merits**

The public policy favoring disposition of cases on the merits counsels against dismissal of a case. Phynylpropanolamine, 460 F.3d at 1228. Nevertheless, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impeded progress in that direction." Id.

Because Plaintiff is responsible for moving this case forward, his failure to do so has caused delay and thwarted progress, thereby supporting dismissal of the instant case.

**5.     Less Drastic Sanctions**

A court must consider the adequacy of less drastic sanctions before imposing dismissal. Malone, 833 F.2d at 131. Three questions facilitate this analysis: (1) are less drastic sanctions available and, if so, why would they be inadequate; (2) were alternative sanctions employed prior to ordering dismissal; and (3) was the party subject to dismissal warned of the possibility of dismissal. Id. at 132.

Here, the Court provided Plaintiff an opportunity to proceed with the instant case. See Doc. # 2. Yet, Plaintiff chose not to comply with this Court's order. Plaintiff was specifically warned that failure to pay the filing fee or file a new application would result in a recommendation to the district judge that this case be dismissed. Based on Plaintiff's failure to comply with this Court's order, the Court can only surmise that Plaintiff has abandoned his claims and has no intention of moving this case forward. As such, this factor weighs in favor of dismissal of the instant case.

## RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that this case be **dismissed without prejudice**.

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this

4

report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: November 9, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**